IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| U. S. HOME CORPORATION )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SETTLERS CROSSING, L.L.C. )<br>WASHINGTON PARK ESTATES, LLC )<br>BEVARD DEVELOPMENT CO. & )<br>STEVEN B. SANDLER )<br>)<br>Defendants. )<br>_____)<br>)<br>SETTLERS CROSSING, L.L.C. )<br>WASHINGTON PARK ESTATES, LLC )<br>BEVARD DEVELOPMENT CO. & )<br>iSTAR FINANCIAL, INC. )<br>)<br>Counterplaintiffs, )<br>)<br>v. )<br>)<br>U.S. HOME CORPORATION & )<br>LENNAR CORPORATION )<br>)<br>Counterdefendants. )<br>_____) | Civil Action No. DKC-08-1863 |

## ORDER

In the Order of July 21, 2010 the Court granted in part and denied in part Plaintiffs' Motion for Sanctions. *See* Document No. 141. The Court determined that Defendant iStar bears responsibility *only* for the failed inspection of June 17, 2010 and thus any financial sanctions must be borne by Defendant iStar *solely*;

The Court found appropriate sanctions against Defendant iStar consisted of "(a) assessing costs, expenses and attorneys' fees associated with U.S. Home's efforts to enforce its right to

1

free access to the Property, including but not limited to, *reasonable* attorneys' fees, *reasonable* consultants' fees, *reasonable* travel expenses, and other costs and expenses related to Plaintiffs' attempt to conduct the initial tour of the Property, and (b) assessing *reasonable* costs, expenses and attorneys' fees related to the filing of the Motion for Sanctions." Document No. 141 ¶ 4;

After some exchange of correspondence regarding the award of sanctions, *see* Document Nos. 154 – 156, and a status hearing on September 22, 2010 whereby Plaintiffs agreed to provide the Court with records and invoices in support of their requested award of sanctions, *see* Document No. 158, on October 1, 2010 Plaintiffs submitted a letter to the Court for an *in camera* review of confidential and privileged material, *i.e.,* the records and invoices supporting the fees and costs incurred as a result of the failed June 17, 2010 inspection and the Motion for Sanctions;

Having reviewed Plaintiffs' *Revised Summary Chart* of costs, expenses and fees, whereby Plaintiffs seek total compensation in the amount of $105,109.09, IT IS this 3rd day of November, 2010 by the United States District Court for the District of Maryland, **ORDERED**:

1. That Plaintiffs' Request for Award of Sanctions is hereby **GRANTED IN PART & DENIED IN PART**;

2. That, as to Plaintiffs' attempt to conduct initial tour of property on June 17, 2010, the Court awards in full the amounts requested for the attorneys' fees and other expenses (SUV rental and associated expenses);

3. That, as to Plaintiffs' attempt to conduct initial tour of property on June 17, 2010, regarding consultants' fees, the Court deducts **$500.00** from the requested amount for Robin Garibay, REM. According to the spreadsheet prepared by Plaintiffs, Mr. Garibay spent eight (8) hours total, at a rate of $250.00 per hour, for a total cost of $2,000.00. In reviewing the "Consultants' Fees Related to Initial Tour of Property (6/17/2010)," Mr. Garibay claims he spent

two (2) hours on June 17, 2010 in "preparation for follow up meeting with Judge." Interestingly, Mr. Garibay fails to mention this two hour preparation in his declaration in support of Plaintiffs' Motion for Sanctions. *See* Document No. 131, Ex. H (Garibay Decl.). The Court finds two hours of the eight hours Mr. Garibay seeks is *unreasonable* and therefore deducts **$500.00** from Mr. Garibay's consultant's fee;

4. That, as to Plaintiffs' attempt to conduct initial tour of property on June 17, 2010, regarding travel expenses, the Court deducts **$40.00** from the travel expenses of John Imse, RG. Mr. Imse claims $70.86 for a restaurant charge (Pinzimini) at the Western Arlington Gateway on June 16, 2010. The Court finds the cost for this meal is *unreasonable*;

5. That the total amount Plaintiffs seek for their attempt to conduct initial tour of property on June 17, 2010 is hereby reduced from $28,482.90 to **$27,942.90**;

6. That, regarding attorneys' fees and paralegal fees for the filing of the motion for sanctions, Plaintiffs seek compensation in the amount of $76,346.10. The Court has reviewed the detailed summary of the "Itemized Services Bill" documenting what work the attorneys and the paralegal did regarding the filing of the motion for sanctions. After a careful and thorough review, the Court finds many of the "Itemized Services Bill" are duplicative and excessive. The attorneys conferred on multiple occasions. Moving for sanctions for Defendant iStar's failure to allow Plaintiffs to access the property as ordered by the Court is *not* a complex issue. Thus researching and analyzing case law regarding Rule 11 sanctions in New York federal court and the Second Circuit is inexplicable considering this District Court is located within the State of Maryland and is part of the Fourth Circuit. Moreover, seven (7) attorneys worked on the filing of the motion for sanctions, two more than the five (5) attorneys involved in the failed attempt to inspect the property on June 17, 2010. Researching, analyzing and writing a non-complex

motion for sanctions by seven attorneys is equivalent to *too many hands in the cookie jar*;

7. That, for the reasons listed in the paragraph above, the Court finds the most reasonable award of attorneys' fees is a 40 hour week times the hourly rate of the first chair, Ms. Israel. Forty hours times an hourly rate of $432.00 equals **$17,280.00**. That is the total amount the Court shall award for attorneys' fees for the filing of the motion for sanctions;

8. That the other expenses associated with the filing of the motion for sanction is approved in full; and

9. That the Court hereby AWARDS sanctions in favor of Plaintiffs and against Defendant iStar in the amount of **$45,502.99**

/s/
WILLIAM CONNELLY
UNITED STATES MAGISTRATE JUDGE