```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

|   |   |   |
|---|---|---|
| U.S. HOME CORPORATION | : | |
| | : | |
| v. | : | Civil Action No. DKC 08-1863 |
| | : | |
| SETTLERS CROSSING, LLC, et al. | : | |
| | : | |

**MEMORANDUM OPINION**

Presently pending and ready for review in this suit for breach of contract, fraud, and declaratory judgment are (1) the renewed motion of Plaintiff/Counter Defendant U.S. Home Corporation and Counter Defendant Lennar Corporation's ("Plaintiffs") to seal, (ECF No. 454), and (2) the joint motion to seal filed by Defendants/Counter Claimants iStar Financial; Settlers Crossing, LLC; Washington Park Estates, LLC; Brevard Development Company; and Stephen B. Sandler (together, "Defendants"), (ECF No. 462).[1] The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiffs' renewed motion to seal will be denied and Defendants' motion to seal will be granted.

---

[1] Mr. Sandler did not join the other Defendants in asserting the counterclaim.

**I.   Background**[2]

As necessary to resolve these motions, the background facts are as follows.  At the heart of this matter is a complex commercial real estate transaction pursuant to which Plaintiff/Counter Defendant U.S. Home Corporation ("U.S. Home") was to acquire all ownership interests held by Defendant/Counter Claimant Washington Park Estates, LLC ("WPE"), from Defendant/Counter Claimant Settlers Crossing, LLC ("Settlers Crossing").  Settlers Crossing, of which Defendant Sandler is a principal, owns 100% of the membership interests in WPE, and WPE owns or controls approximately 1,250 acres of undeveloped land in Prince George's County, Maryland ("the Property").  Thus, via this transaction, U.S. Home would, in effect, purchase the Property.  Defendant iStar became involved to provide a one-year bridge loan for WPE to facilitate the transaction.

After discovery began, the parties sought leave to file amended pleadings.  With respect to these papers, Plaintiff Lennar Corporation attached, quoted, and characterized documents related to the transaction that Defendants assert are commercially valuable and contain sensitive trade secrets.  (ECF Nos. 315-7, 315-8, 374-4).  In support of their motion to seal

---

[2] A complete recitation of the underlying facts in this case is available at *U.S. Home Corp. v. Settlers Crossing, LLC*, No. DKC 2008-1863, 2010 WL 958034 (D.Md. Mar. 11, 2010).

these documents, Defendants attach the declaration of Daniel Melaugh, Vice President of Investments at iStar. (ECF No. 462-2). Mr. Melaugh attests to the commercial value and confidential nature of the documents Defendants seek to seal. Defendants also submit redacted versions of the papers they wish to seal in part. (ECF Nos. 464-465). Plaintiffs do not oppose Defendants' motion to seal or the redactions they propose.

Furthermore, during discovery a dispute arose over the disclosure of documents that Plaintiffs claimed were protected by the attorney client privilege and/or the work product doctrine. Plaintiffs' renewed motion to seal concerns documents and exhibits involved in that dispute.

## II. Standard of Review

A motion to seal must comply with Local Rule 105.11, which provides:

> Any motion seeking the sealing of pleadings, motions, exhibits or other papers to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protections. The Court will not rule upon the motion until at least 14 days after it is entered on the public docket to permit the filing of objections by interested parties. Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court. If the motion is denied, the party making the filing will be given an opportunity to withdraw the materials.

3

This rule endeavors to protect the common law right to inspect and copy judicial records and documents, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), while recognizing that competing interests sometimes outweigh the public's right of access, *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

Before sealing any documents, the court must provide the non-moving party with notice of the request to seal and an opportunity to object. *Id.* This notice requirement may be satisfied by either notifying the persons present in the courtroom or by docketing the motion "reasonably in advance of deciding the issue." *Id.* at 234. Finally, the court should consider less drastic alternatives to sealing, such as filing redacted versions of the documents. If the court decides that sealing is appropriate, it should also provide reasons, supported by specific factual findings, for its decision to seal and for rejecting alternatives. *Id.* at 235.

**III. Analysis**

    **A.   Plaintiffs' Renewed Motion**

The parties agree that Plaintiffs' motion to seal is moot, and the documents at issue in that motion do not need to be sealed. Accordingly, the clerk will be directed to unseal ECF No. 295.

**B.  Defendants' Motion**

Defendants seek to seal certain exhibits in connection with Plaintiffs' opposition to Defendants' motion for leave to file a first amended counterclaim (ECF No. 315) and Plaintiffs' reply memorandum in support of their motion to amend the pleadings (ECF No. 374).  Defendants also seek to redact portions of Plaintiffs' papers that quote or otherwise characterize these exhibits.  Produced pursuant to a court-approved confidentiality order, these exhibits include a "Confidential Memorandum" (ECF No. 315-8), that Defendants aver contains proprietary financial research and analysis, as well as sensitive personal and financial information of Defendant Sandler; a "Transaction Summary" (ECF No. 315-7) containing much of the same information; and a "Confidential Settlement and Covenant Not to Sue or Execute" (ECF No. 374-4), which contains information that Defendants allege could be used to Defendants' commercial disadvantage if not kept confidential, in accordance with the expectations of all parties to the agreement.

Because Defendants lay out the reasons that documents should be sealed or redacted, their motion will be granted.  Defendants emphasize, and an iStar executive affirms, that these exhibits contain proprietary business information, and sensitive financial information of Defendant Sandler.  Furthermore, Defendants represent that it was the expectation of the parties

that the documents would remain confidential. Finally, Defendants aver that this sensitive information pervades these documents and that there is no less restrictive alternative to sealing. Thus, these exhibits will be sealed, and the papers containing excerpts thereof will be redacted as Defendants suggest. *See Pittston Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004) (affirming decision to seal certain "confidential, proprietary, commercial, or financial data" that was produced under a protective order).

**IV. Conclusion**

   A separate order will follow.

                                           _____/s/_____
                                           DEBORAH K. CHASANOW
                                           United States District Judge