IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

U.S. HOME CORPORATION          :
                               :
                               :
     v.                        :     Civil Action No. DKC 08-1863
                               :
SETTLERS CROSSING, LLC, et al. :
                               :

**MEMORANDUM OPINION**

Presently pending and ready for review in this suit for breach of contract, fraud, and declaratory judgment is the objection of Defendant-Counter Claimant iStar Financial, Inc. ("iStar") (ECF No. 508), to Magistrate Judge Connelly's April 11, 2013 Order (ECF No. 505). Lennar Corporation and its wholly-owned subsidiary, U.S. Home Corporation (collectively, "Lennar") have also filed a motion to seal documents in connection with the papers filed in connection with iStar's objection. (ECF No. 515). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the objection will be sustained, and the dispute will be remanded to Judge Connelly.

**I.    Background[1]**

This case was referred to Magistrate Judge Connelly for resolution of all discovery disputes and for determination of

---

[1] A complete recitation of the underlying facts in this case is available at *U.S. Home Corp. v. Settlers Crossing, LLC*, No. DKC 2008-1863, 2010 WL 958034 (D.Md. Mar. 11, 2010).

non-dispositive matters. On July 16, 2012, iStar filed a motion for sanctions against Lennar, pursuant to Federal Rule of Civil Procedure 37, based on Lennar's alleged failure to comply with certain of Judge Connelly's discovery orders. (ECF No. 427). In that motion, iStar requested, among other things, that a number of critical facts be deemed established for the purpose of the litigation, that it be permitted to re-depose any of Lennar's former or current employees that it had already deposed, and that it be awarded costs, expenses, and attorneys' fees related to the filing of its sanctions motion and all discovery orders referenced in the sanctions motion. (*Id.* at 5-6).

On December 3, 2012, Judge Connelly granted in part, denied in part, and held in abeyance iStar's motion, because he had "insufficient information" to determine whether Lennar violated a number of discovery orders. (ECF No. 495). On April 11, 2013, Judge Connelly revisited the sanctions motion and found that Lennar violated discovery orders of March 9, 2012 (ECF No. 359) and April 27, 2012 (ECF No. 385), and imposed sanctions (ECF No. 505). iStar now objects to Judge Connelly's ruling to the extent that it failed to award attorneys' fees or other evidentiary sanctions. (ECF No. 508). On May 16, Lennar opposed the objections (ECF No. 516), and on June 3, iStar replied (ECF No. 518). Simultaneous with the filing of Lennar's

opposition, it filed a motion to seal, which was unopposed. (ECF No. 515).

Litigation between these parties began on December 6, 2007, when Settlers Crossing, LLC, filed suit against Lennar and U.S. Home in the United States District Court for the Eastern District of Virginia, seeking a declaratory judgment to determine which conditions precedent of a real estate sale contract remained unsatisfied. That suit has since been dismissed. (ECF No. 98). On July 17, 2008, U.S. Home commenced the instant action by filing a complaint against Settlers Crossing, iStar, and other parties to the real estate transaction. (ECF No. 1).

Robert Jacoby was the former president of Lennar's Maryland division, which was overseeing the real estate transaction at issue in the litigation. The parties agree that Mr. Jacoby is a key witness. In response to discovery propounded by iStar and others in September and November of 2009, Lennar represented that it had produced all documents related to the property. On August 12, 2011, a few days before Mr. Jacoby's deposition, Lennar discovered additional encrypted, electronically stored information. This discovery resulted in the production of an additional 1,100 documents and over 136,000 pages to iStar, after Mr. Jacoby's deposition. Mr. Jacoby died of cancer in October 2011.

Among the documents produced were many that Judge Connelly deemed to be excessively redacted, and he ordered Lennar to reproduce the documents without redactions. (ECF No. 359). In response to this order, Lennar again produced redacted documents. (ECF No. 505, at 3). On September 6, 2012 and again on April 11, 2013, Judge Connelly ordered Lennar to produce unredacted documents. (ECF Nos. 455 & 505).

Separately, in an earlier discovery order of May 7, 2010, consistent with iStar's interrogatories, Judge Connelly ordered Lennar to "compile a list of pending cases regarding contract disputes or breach of contract claims." (ECF No. 114 ¶ 7). In response, Lennar provided a list of litigation 157 pages long. On June 9, 2010, Judge Connelly narrowed the scope of the Order to include only those cases related to the termination of or failure to consummate a transaction for the acquisition of real property. (ECF No. 126 ¶ 5). Lennar's response to both orders excluded *U.S. Home Corp. v. Powers*, WMN-09-cv-2807. The *Powers* litigation was filed on behalf of Lennar by the same counsel who represented Lennar here and involved the rescission of an agreement to acquire real property, squarely within the scope of the original interrogatory, even as narrowed by the Orders.[2] Judge Connelly concluded that the fact that counsel "did not disclose the relevant *Powers* litigation but disclosed [other]

---

[2] This counsel has since withdrawn from representation of Lennar. (ECF No. 512).

non-relevant *Powers* litigation is indicative of bad faith." (ECF No. 505, at 15).

To remedy the prejudice caused by Lennar's delay in producing unredacted documents and its delay in disclosing the relevant *Powers* litigation, Judge Connelly, in the order of December 3, 2012, granted a portion of iStar's motion for sanctions and permitted iStar to re-depose any of Lennar's current or former employees whose depositions had already been taken, and awarded costs, expenses, and attorneys' fees related to the taking of these second depositions. (ECF No. 495 ¶ 25).

**II. Standard of Review**

Under 28 U.S.C. § 636(b)(1)(A), non-dispositive pretrial matters may be referred to a magistrate judge for hearing and determination. A district judge may modify or set aside any portion of a magistrate judge's non-dispositive ruling "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.; see also* Fed.R.Civ.P. 72(a). "The [district] judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

> Under the clearly erroneous standard, the reviewing court is not to ask whether a finding is the best or only conclusion permissible based on the evidence. Nor is it to substitute its own conclusions for that of the magistrate judge. *See Tri-Star Airlines, Inc. v. Willis Careen Corp.*, 75 F.Supp.2d 835, 839 (W.D.Tenn. 1999). Rather, the court is only required to

5

> determine whether the magistrate judge's findings are reasonable and supported by the evidence. *Id.* "It is not the function of objections to discovery rulings to allow wholesale relitigation of issues resolved by the magistrate judge." *Buchanan v. Consol. Stores Corp.*, 206 F.R.D. 123, 124 (D.Md. 2002).

*Int'l Ass'n of Machinists & Aerospace Workers v. Werner–Masuda*, 390 F.Supp.2d 479, 485 (D.Md. 2005).

**III. Analysis**

Two portions of Judge Connelly's ruling are at issue here: first, his finding that Lennar withheld documents and improperly redacted documents when they were ultimately produced; second, his finding that Lennar acted in bad faith by failing to disclose to iStar similar litigation that it had filed in this court.

iStar argues that Judge Connelly clearly erred when he did not award attorneys' fees and expenses related to its sanctions motion (ECF No. 427) and to its motions that resulted in the discovery orders of June 9, 2010, May 10, 2011, March 9, 2012, and April 27, 2012. (ECF No. 508, at 20). It further argues that he erred by finding that no evidentiary relief was appropriate in spite of Lennar's bad faith in failing to disclose the *Powers* litigation. Specifically, iStar argues that the failure to produce unredacted documents and the *Powers* litigation harmed it irreparably, in light of its inability to depose Mr. Jacoby about the withheld material. Therefore, it

6

concludes that Lennar should be deemed to have admitted a number of critical facts that Lennar argues would decide the case in iStar's favor. Lennar responds that the sanctions Judge Connelly awarded were appropriate under Rule 37, and that no further fees or evidentiary sanctions are merited.

### A. Attorneys' Fees

Judge Connelly awarded costs, expenses, and attorneys' fees related only to iStar's taking second depositions of Lennar employees; his decision was silent as to fees and expenses incurred in litigating the sanctions motion and discovery orders. (ECF No. 495 ¶ 25).

Rule 37 requires a court to award certain reasonable attorneys' fees and expenses when a party has failed to comply with a court order. Rule 37(b)(2)(C) provides:

> *Payment of Expenses*. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

The order of April 11 was silent as to the attorneys' fees, expenses, and costs that iStar requested associated with its litigation of the sanctions motion and motions to compel. It is not clear whether Judge Connelly made any finding whether the requested fees and expenses were caused by Lennar's failure to comply with the discovery orders, and whether its failure was

7

substantially justified. Similarly, in *Sea Star Line, LLC v. Emerald Equip. Leasing, Inc.*, No. 05-245, 2009 WL 3200657 (D.Del. Oct. 6, 2009), the district judge sustained an objection to the amount of sanctions awarded by the magistrate judge pursuant to Rule 37(b(2)(c) because the magistrate failed "expressly [to] consider the substantial justification standard in imposing sanctions and to provide precise and detailed support for an imposition of sanctions," including an analysis of the defendant's attorneys' fees and expenses associated with the plaintiff's failure to obey a discovery order. *Id.* at *2. The district judge remanded the objection to the magistrate and instructed that "'the imposition of sanctions requires an individualized analysis,' and must be sufficiently detailed in all respects, including the imposition of the amount of sanctions, as well as in the rationale concluding that an award of sanctions is justified in the first instance." *Id.* (quoting *Grider v. Keystone Health Plan Cent.* 580 F.3d 119, 144 (3$^d$ Cir. 2009)). Accordingly, iStar's objection will be sustained and the issue remanded to Judge Connelly to assess the parties' arguments and determine whether an award of costs and fees is warranted under Rule 37.

**B. Evidentiary Sanctions**

iStar also argues that Judge Connelly erred by failing to deem many critical facts resolved in iStar's favor, as a sanction for Lennar's misdeeds. Specifically, it seeks to have

the court deem admitted that Lennar "instituted the *Powers* litigation, other lawsuits, and this action as part of an overall business strategy to avoid Lennar's obligations to purchase . . . land and put or keep such land on its books." (ECF No. 508, at 21). iStar also requests that the court find that Lennar, on a number of occasions, "failed to satisfy conditions precedent" in bad faith and to delay the settlement date of the land purchase, to avoid its obligations under the contract. (*Id.*). Lennar, in turn, contends that Judge Connelly's sanction of granting iStar additional depositions and ordering the production of unredacted documents was narrowly targeted to address the harms iStar suffered.

In his April 11 Order, responding to iStar's initial request for evidentiary sanctions, Judge Connelly noted only that "[t]here is no particular relief the Court can provide to iStar at this stage of this litigation for Lennar's deliberate non-compliance with this Court's Orders." (ECF No. 505 ¶ 10).

Rule 37(b)(2)(A) provides:

> If a party or a party's officer, director, or managing agent -- or a witness designated under Rule 30(b)(6) or 31(a)(4) -- fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include . . .
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; . . . .

A court has discretion regarding the imposition of additional sanctions under Rule 37. *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642-43 (1976). In exercising its discretion under Rule 37(b)(2)(A), the court generally must consider: "(1) whether the noncomplying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of noncompliance, and (4) whether less drastic sanctions would have been effective." *Anderson v. Found. for Advancement, Educ, & Emp't of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998) (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503–05 (4th Cir. 1977)).

The record shows that Lennar deliberately withheld its participation in the *Powers* litigation, behavior that Judge Connelly found to be indicative of bad faith. It is not clear that Judge Connelly considered the full range of available sanctions. Accordingly, this objection will be sustained and the issue remanded to him to consider reasonable sanctions consistent with Rule 37.

### C. Motion to Seal

Lennar has filed an unopposed motion pursuant to Local Rule 105.11 and the Stipulated Order Regarding Confidentiality of

Discovery Material and Inadvertent Disclosure of Privileged Material (ECF No. 113) (the "Protective Order"), seeking to seal: (1) iStar's memorandum in support of its objection to the April 11 Order (ECF No. 508); (2) exhibits three, four, and six to iStar's objection (ECF Nos. 508-2, 508-2, & 508-3); and (3) its opposition to iStar's objection (ECF No. 516). (ECF No. 515). iStar notes in both its objection and reply to Lennar's opposition that it files these documents and attached exhibits

> under seal in an abundance of caution because: (i) the Magistrate [Judge] filed the Sanctions Order, which is quoted herein, under seal; and (ii) the [papers] reflect[] and refer[] to language from documents [Lennar] has designated as confidential. iStar will [] defer to Lennar as to whether it wants to file a motion to maintain the [papers], in whole or in part, under seal.

(ECF Nos. 508, at 2 n.1, & 518, at 1 n.1).

A motion to seal must comply with Local Rule 105.11, which provides:

> Any motion seeking the sealing of pleadings, motions, exhibits or other papers to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protections. The Court will not rule upon the motion until at least 14 days after it is entered on the public docket to permit the filing of objections by interested parties. Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court. If the motion is denied, the party making the filing will be given an opportunity to withdraw the materials.

11

This rule endeavors to protect the common law right to inspect and copy judicial records and documents, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), while recognizing that competing interests sometimes outweigh the public's right of access, *In re The Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

Before sealing any documents, the non-moving party must be provided with notice of the request to seal and an opportunity to object. *Id.* This requirement may be satisfied either by notifying the persons present in the courtroom or by docketing the motion "reasonably in advance of deciding the issue." *Id.* at 234. Finally, less drastic alternatives to sealing, such as filing redacted versions of the documents, should be considered. If the court decides that sealing is appropriate, it should also provide reasons, supported by specific factual findings, for its decision to seal and for rejecting alternatives. *Id.* at 235.

Both parties note that Judge Connelly filed the April Order under seal, and that the order refers to details of documents that contain sensitive business and financial information of Lennar. Because the objection, opposition, and reply all reference that Order extensively, the parties seem to agree that those papers should be sealed.[3] Lennar notes that exhibits three

---

[3] Lennar's motion to seal was filed before iStar filed its reply. iStar filed the reply under seal and deferred to Lennar as to whether it should remain under seal. (ECF No. 518, at 1

and four to iStar's objection are the mission statement for Lennar's Maryland Division, which include a confidential analysis of the real estate market and Lennar's specific, ongoing long-term strategic plan with respect to that analysis. (ECF No. 515, at 3). Lennar also notes that exhibit six is a list of properties that includes confidential information regarding numerous transactions in which Lennar remains involved.

Because Lennar lays out the reasons that the documents should be sealed, its motion will be granted. Lennar emphasizes that the objection, opposition, and exhibits contain proprietary business information and sensitive financial information that remains relevant to their business. Lennar also avers that this sensitive information pervades these documents and that there is no less restrictive alternative to sealing. Thus, these papers and exhibits will be sealed as Lennar suggests. *See Pittston Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004) (affirming decision to seal certain "confidential, proprietary, commercial, or financial data" that was produced under a protective order).

---

n.1). Lennar is silent as to whether to seal the reply or any exhibits attached thereto. Therefore, Lennar will have fourteen (14) days to move to seal these documents. If Lennar decides not to file such a motion within fourteen (14) days, the documents will be unsealed at that time.

**IV. Conclusion**

For the foregoing reasons, iStar's objection to Judge Connelly's April 11, 2013 order will be sustained and the order will be vacated and remanded to provide Judge Connelly an opportunity to clarify his decision regarding the imposition of sanctions and related costs, expenses, and attorneys' fees caused by Lennar's violation of discovery orders, and to consider the request for facts to be deemed admitted. A separate Order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
