IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| U.S. HOME CORPORATION | : | |
| | : | |
| v. | : | Civil Action No. DKC 08-1863 |
| | : | |
| SETTLERS CROSSING, LLC, et al. | : | |
| | : | |

**MEMORANDUM OPINION AND ORDER**

Over the course of discovery in this case, Counter-Defendant Lennar Corporation served Defendant/Counter-Plaintiff iStar Financial, Inc., with a number of privilege and redaction logs reflecting Steven Engel as the author or recipient of email communications withheld on the basis of attorney-client privilege. At an April 17, 2013, deposition, iStar learned that Mr. Engel was not licensed to practice law in any jurisdiction at any point during the pendency of the litigation. On June 14, 2013, iStar sought a judicial determination that discovery related to him was improperly withheld. (ECF No. 524). In opposing that motion, Lennar asserted that "Mr. Engel was retained by [its] General Counsel in 2008 (i.e., after the commencement of this litigation) to be part of a team tasked by counsel to review documents and provide mental impressions to counsel for use in the litigation." (ECF No. 538, at 3).

By an order issued August 22, 2013, Judge Connelly granted iStar's motion, finding that "Lennar's bases for claiming communications involving Mr. Engel as privileged pursuant to the attorney-client privilege and/or the attorney work product doctrine (particularly those e-mails where Mr. Engel was the author or the primary recipient) are invalid[.]" (ECF No. 570 ¶ 8). Judge Connelly ordered Lennar "to review every privilege log entry involving Mr. Engel, review every document associated with each privilege log entry, and because Mr. Engel was not a licensed attorney, to either release the non-privileged document to iStar or state with particularity in an amended privilege log why the document should be protected from disclosure." (*Id*. at ¶ 9 (internal emphasis removed)). Lennar was directed to "accomplish this task" by no later than September 18, 2013 (*id*. at ¶ 9), and to "provide to counsel for iStar and the [court with] a copy of the 2008 engagement letter from Lennar to Mr. Engel . . . as soon as possible" (*id*. at ¶ 10 (internal emphasis removed)). Lennar did not file an objection to this order.

On or about September 18, 2013, Lennar served iStar with an "Amended Privilege Log, an Amended Redaction Log, and a compact disc containing 67 documents numbering 169 pages, many of which were letters, emails, and discovery documents . . . [or] wholly or largely redacted emails." (ECF No. 622-1, at 6). Lennar also produced a draft of a "Professional Services Agreement"

between Lennar and Seasons Financial Consulting, LLC, Mr. Engel's business, but not an executed agreement. The draft agreement, dated January 30, 2007, provided, in part, that Seasons Financial "is an independent contractor and neither [it] nor any individual performing Services on its behalf shall be considered an employee, agent, joint venture or partner of Lennar." (ECF No. 620-1, at 9).

On January 17, 2014, iStar filed a motion for sanctions, arguing that Lennar had "failed to make the necessary factual showing to demonstrate any relationship with Mr. Engel that would support the establishment or the extension of any attorney-client privilege to communications with Mr. Engel." (ECF No. 619-1, at 9). iStar sought, *inter alia*, an order directing Lennar to produce all documents and communications with Mr. Engel that it previously withheld on the basis of attorney-client privilege or the work product doctrine. (ECF No. 619). In opposing this motion, Lennar argued that it had "withheld documents sent or received by Mr. Engel only to the extent such documents address issues relating to this litigation, similar to any other situation in which counsel . . . retains the services of non-lawyers to assist with the rendering of legal advice." (ECF No. 627, at 7). Despite express language in the draft agreement to the contrary, Lennar argued that Mr. Engel was "an agent or subordinate" of its

3

general counsel who "function[ed] to assist in counsel's rendering of legal advice." (*Id*. at 15).

By an order issued March 24, 2014, Judge Connelly granted iStar's motion for sanctions. (ECF No. 658). Noting that Lennar never provided the court with a copy of the 2008 engagement letter, as it had been directed to do, and that the draft agreement expressly provided that Mr. Engel was an independent contractor, the court found that "Mr. Engel was not an agent employed by Lennar's General Counsel, such as a stenographer, secretary, clerk or any employee necessary for effective operation between counsel and his client . . . because the Professional Services Agreement clearly dictated no such employer-employee relationship is created by the Agreement." (*Id*. at ¶ 8 (internal emphasis omitted)). Thus, he found, "the privileged communications between Lennar's General Counsel and Lennar do not extend to Mr. Engel as a third party, non-employee and non-agent of Lennar[.]" (*Id*. (emphasis omitted)). Upon further finding that Lennar had not "articulated a legitimate basis for withholding documents which are not bona fide work product relating to [this] litigation" (*id*. at ¶ 10 (emphasis omitted)), Judge Connelly ordered Lennar to produce, by March 27:

> [A]ll Engel-related documents and communications withheld only on the basis of the attorney-client privilege in its

> privilege and redaction logs; . . . all
> Engel-related documents and communications
> withheld on the basis of attorney work
> product claims . . . where there is no clear
> litigation-related work product, mental
> impression, or legal strategy of an in-house
> or outside counsel of Lennar; . . . to
> present for an in-camera review to the
> [court] . . . any and all documents and
> communications . . . withheld based on
> assertion of the attorney work product
> [doctrine]; . . . to revise its privilege
> and redaction logs; and . . . to produce to
> iStar and the [court] . . . an executed copy
> of the engagement letter between Lennar and
> Mr. Engel or to certify no such letter
> exists (explaining why the letter does not
> exist.

(*Id.* at ¶ 12 (emphasis omitted)). The court also awarded iStar attorney's fees and costs associated with its motion for sanctions.

On March 25, Lennar filed the pending objection to Judge Connelly's order. (ECF No. 663). Lennar asserts that the order is procedurally improper and "mistakenly concludes that none of these communications is protected by the attorney-client privilege, based on [a] finding that Mr. Engel was neither an employee of Lennar nor the 'functional equivalent' of an employee[.]" (*Id.* at 2). According to Lennar, "[t]he record before Judge Connelly confirmed that all of the documents at issue reflect post-litigation communications regarding this litigation, primarily among Lennar's inside and outside counsel, that were made in confidence for the purpose of seeking,

5

obtaining, or providing legal advice" and, therefore, that they "are shielded from discovery by the attorney-client privilege and/or work product doctrine." (*Id*. at 3). Lennar further contends that compliance with the order, days before trial, is unduly burdensome and prejudicial.

Under 28 U.S.C. § 636(b)(1)(A), a district judge may modify or set aside any portion of a magistrate judge's non-dispositive ruling "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *See also* Fed.R.Civ.P. 72(a). "The [district] judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

> Under the clearly erroneous standard, the reviewing court is not to ask whether a finding is the best or only conclusion permissible based on the evidence. Nor is it to substitute its own conclusions for that of the magistrate judge. *See Tri-Star Airlines, Inc. v. Willis Careen Corp.*, 75 F.Supp.2d 835, 839 (W.D.Tenn. 1999). Rather, the court is only required to determine whether the magistrate judge's findings are reasonable and supported by the evidence. *Id*. "It is not the function of objections to discovery rulings to allow wholesale relitigation of issues resolved by the magistrate judge." *Buchanan v. Consol. Stores Corp.*, 206 F.R.D. 123, 124 (D.Md. 2002).

*Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Masuda*, 390 F.Supp.2d 479, 485 (D. Md. 2005).

Lennar first argues that the order was clearly erroneous insofar as Judge Connelly did not find that Lennar failed to comply with the August 22, 2013, order, and did not address "any of the four requisite factors for the imposition of sanctions under Rule 37(b)." (ECF No. 663, at 9). Contrary to this argument, Judge Connelly expressly found that Lennar never provided the court with a copy of the Engel engagement letter, as it had been ordered to do. Moreover, based on the "independent contractor" language in draft agreement, the court found no basis for Lennar to assert attorney-client privilege, as it did in its amended privilege and redaction logs. Indeed, it previously determined that Lennar's assertion of attorney-client privilege as to Mr. Engel was "invalid" and Lennar did not object to that ruling. (ECF No. 570 ¶ 8). The four factors to which Lennar refers – "(1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective," *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001) (internal marks omitted) – were implicitly considered by the court. Sanctions were awarded based, in part, on "Lennar's *shifting* bases for asserting privilege concerning communications with Mr. Engel" (ECF No. 658, at 5), at least some of which

Lennar either knew or should have known were untrue. Thus, there was clearly a basis to find that Lennar acted in bad faith. The degree of prejudice to iStar depends largely on the content of the withheld documents and was, therefore, impossible to discern. The need to deter discovery abuses of this type is patently obvious and, aside from the award of attorneys' fees and costs associated with the motion, Lennar was only ordered to do what it should have done long ago.

Lennar further contends that Judge Connelly's finding that communications between Lennar's attorneys and Mr. Engel are not protected by the attorney-client privilege was clearly erroneous. While Lennar acknowledges that prior counsel erroneously based the withholding of documents on Mr. Engel's status as an attorney, it contends, since the time of iStar's motion to determine privilege, its position "has not changed." (ECF No. 663, at 13). According to Lennar, "courts routinely extend application of the attorney-client privilege to independent, third-party consultants retained by the client" (*id*. at 10), and Judge Connelly clearly erred by relying on the language contained in the draft agreement.

Lennar cites *Flo Pac, LLC v. NuTech, LLC*, Civ. No. WDQ-09-510, 2010 WL 5125447 (D.Md. Dec. 9, 2010), for the proposition that "the attorney-client privilege extends to confidential communications with a third party who is present 'at the

attorney's or the client's behest.'" (ECF No. 663, at 10). In
support of that finding, however, Judge Grimm cited a number of
cases generally holding that "the attorney-client privilege will
not shield from disclosure statements made by a client to his or
her attorney in the presence of a third party who is not *an
agent of either the client or attorney*." *Flo Pac*, 2010 WL
5125447, at *8 (emphasis in original; quoting *United States v.
Evans*, 113 F.3d 1457, 1462 (7th Cir. 1997)). Here, the draft
agreement between Lennar and Mr. Engel expressly stated that Mr.
Engel was an "independent contractor," not "an employee, agent,
joint venture or partner of Lennar." (ECF No. 620-1, at 9);
Lennar argues, in effect, that the court should have ignored
that contractual language and focused instead on whether Mr.
Engel was the "functional equivalent" of a Lennar employee,
relying principally on the reasoning of *In re Bieter*, 16 F.3d
929 (8th Cir. 1994). Judge Connelly considered that argument,
finding that "[Mr. Engel] did not work out of Lennar's offices,
was not involved in the underlying Bevard development project,
did not represent Lennar at public hearings or otherwise, and
simply was not intimately involved in the Bevard development
such that Lennar's counsel would need to confer confidentially
with Mr. Engel to understand the issues raised [] by Sellers."
(ECF No. 658 ¶ 9). Thus, he determined that Lennar's argument
under *In re Bieter* – which was also relied upon by Judge Grimm

in *Flo Pac* – was "not persuasive" (*id*.) and there is no discernable basis for finding that ruling was clearly erroneous.

Lennar further contends that "Judge Connelly's finding that communications among Lennar's counsel regarding this litigation are not protected work product is clearly erroneous and contrary to law." (ECF No. 663, at 14). This argument distorts the language of order, which was simply that there was no "legitimate basis for withholding documents which are not bona fide work product relating to [the] litigation." (ECF No. 658 ¶ 10 (emphasis omitted)). Lennar was not compelled to produce to iStar all documents involving Mr. Engel that it claims are protected work product; rather, it must produce documents it claims to be protected to the court for an *in camera* review. Given Lennar's course of conduct during discovery, at least as to this issue, that requirement was eminently reasonable and designed to ensure no undue prejudice to either party.

Finally, while it is likely true, as Lennar argues, that Judge Connelly's order presents a significant hardship on the eve of trial, this fact is offset by the hardship to iStar if discoverable documents are not produced. Because the prejudice to Lennar is largely of its own making, the court does not find this argument particularly persuasive.

Accordingly, it is this 26th day of March, 2014, by the United States District Court for the District of Maryland, ORDERED that:

1.    The objection filed by Counter-Defendant Lennar Corporation to the March 24, 2014, order issued by United States Magistrate Judge William Connelly granting a motion for sanctions filed by Defendant/Counter-Plaintiff iStar Financial, Inc. (ECF No. 663), BE, and the same hereby IS, OVERRULED; and

2.    The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for the parties.


                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge